IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN V.F., | Civil No. 1:26-cv-03150-MWJS |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| vs. | |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, | A# 087-537-045 |
| Respondent. | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT**

Petitioner Jonathan V.F.[1] petitions for a writ of habeas corpus under 28 U.S.C.

§ 2241, Dkt. No. 1, and moves for a temporary restraining order, Dkt. No. 4. He asks the

court to order Respondents to provide him a bond hearing before an immigration

judge, contending that his continued immigration detention, without any such hearing,

violates the Due Process Clause of the Fifth Amendment. For the reasons that follow,

the court DENIES the petition.

He was first apprehended by the Border Patrol on July 26, 2009, after entering the

United States unlawfully, and he was processed for expedited removal, and removed

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

on July 30, 2009.  Dkt. No. 13, at pg. 2.  He reentered, and on October 20, 2010, he was again apprehended—this time at a county jail in Springfield, Tennessee—and processed for reinstatement of his prior removal order; that reinstated order was executed on November 4, 2010, and he was again removed.  *Id*.  At some point after that, Petitioner reentered the United States, and on March 9, 2026, he was arrested detained at the Placer County Jail in Roseville, California, on a charge of driving under the influence. *Id*.  On March 19, 2026, deportation officers located and arrested him at the jail for his immigration violations.  He was afforded process accompanying the reinstatement of a removal order:  he was served with a Warrant of Removal/Deportation, a Notice of Intent/Decision to Reinstate Prior Order, and an Information About Reasonable Fear Interview.  Immigration and Customs Enforcement (ICE) then took Petitioner into custody and, as it had in 2010, again reinstated his prior order of removal under 8 U.S.C. § 1231(a)(5).  He has remained in immigration detention since that date.

Because Petitioner expressed a fear of returning to his home country, he received a reasonable fear interview.  *Id*. at pg. 2; Dkt. No. 13-2, at pgs. 5-10.  On March 31, 2026, an asylum officer determined that he had not established a reasonable fear of persecution or torture; on April 16, 2026, an immigration judge affirmed that determination and returned the matter to the Department of Homeland Security for execution of the removal order.  Dkt. No. 13-4.  Petitioner filed this action on April 24, 2026.  Dkt. No. 1.  On April 27, 2026, to preserve the status quo pending its resolution of

2

the petition, the court enjoined Respondents from transferring Petitioner outside this District. Dkt. No. 8.

The court begins with the question of its jurisdiction, which the government contends it lacks. Dkt. No. 13, at pg. 3. A petition that challenges the lawfulness of immigration detention contests the legality or duration of confinement, and such a challenge falls within the court's habeas jurisdiction under 28 U.S.C. § 2241. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). The government argues that 8 U.S.C. § 1252(g) nonetheless deprives the court of jurisdiction, but that provision reaches more narrowly than the government suggests. It bars review only of three discrete actions—the decision to commence proceedings, adjudicate cases, or execute removal orders. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Petitioner does not challenge the decision to execute his removal order; he challenges the lawfulness of his detention pending that removal. Dkt. No. 14, at pg. 3. Because that is a conventional habeas claim, § 1252(g) does not foreclose it, and the court may proceed to the merits.

Turning to those merits, the court notes that Petitioner has refined his position over the course of briefing. On reply, he no longer disputes that 8 U.S.C. § 1231, rather than § 1226(a), governs his detention. *Id.* at pg. 2. Nor does he contend that his removal is not reasonably foreseeable; he does not, in other words, assert that he is in "removable-but-unremovable limbo." *Id.* at pg. 6. What remains is a single claim: that even under § 1231, the Due Process Clause entitles him to a bond hearing because his

3

detention has become "prolonged."  For that proposition he relies principally on *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011), and *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018).  *See id*. at pg. 5.

Those decisions supply the framework Petitioner invokes.  *Diouf* held that a noncitizen detained under § 1231(a)(6) is entitled to a bond hearing once his detention becomes prolonged, explaining that, "[a]s a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months."  634 F.3d at 1091–92, n.13.  And *Guerrero-Sanchez* drew the same six-month line.  905 F.3d at 225-26.

Even on the assumption that *Diouf* supplies the governing standard here, Petitioner's claim does not succeed, because his detention has not yet become prolonged.  He has been in immigration custody since March 19, 2026—a little over two months, and well short of the six-month period that *Diouf* and *Guerrero-Sanchez* describe as the general marker of prolonged detention.  Petitioner identifies no circumstance particular to his case that would render this comparatively brief detention prolonged in the constitutional sense.  The equities he emphasizes—his lengthy residence in the United States, his single misdemeanor offense, and his family's dependence on him— may well bear on the merits of a custody determination, but they do not address the antecedent question whether his detention has yet lasted long enough to call for a hearing at all.  *See* Dkt. No. 14, at pg. 5.

4

Another consideration points in the same direction:  much this period of detention is attributable to Petitioner's own request for the court's intervention.  The immigration judge affirmed the negative reasonable fear determination on April 16, 2026, and returned the matter to the Department for execution of the removal order.  On this record, Petitioner likely would have been removed within roughly two months of being taken into custody had he not asked the court to halt his removal, and had the court not, at his request, entered the no-transfer order of April 27, 2026.  *See* Dkt. No. 8.  Indeed, the government contends that should the court lift its no transfer order, it will expeditiously remove Petitioner to his home country.  Dkt. No. 13, at pg. 2.  Detention that continues largely because a petitioner has sought and obtained an order preserving the status quo does not, without more, establish that the detention has become unconstitutionally prolonged.

In sum, this is a § 1231 case in which the record, as it currently stands, does not support the conclusion that Petitioner should receive a bond hearing, at this point, to consider "whether his continued detention is justified pending removal."  Dkt. No. 14, at pg. 6.  For these reasons, the petition is DENIED and the motion for a temporary restraining order is DENIED as moot.  The court's April 27, 2026, order prohibiting Respondents from transferring Petitioner outside this District, Dkt. No. 8, is DISSOLVED.  This ruling does not, of course, preclude Petitioner from petitioner for a

5

writ of habeas corpus in the future, after a longer period of detention and a more fully

developed factual record.

The Clerk of Court is DIRECTED to close this case and enter judgment for

Respondent.

IT IS SO ORDERED.

DATED:  May 29, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-03150-MWJS; *Jonathan V.F. v. Warden of the Golden State Annex Detention Facility et al*; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER